NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| THOMAS JOHN CARLSON, | No. 15-15899 |
| Plaintiff-Appellant, | D.C. No. 2:13-cv-00766-TLN-AC |
| v. | |
| BRIAN DUFFY; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted December 14, 2016**

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

California state prisoner Thomas John Carlson appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging that

prison officials illegally withdrew from his prison trust account Veteran's

Disability Benefits under 38 U.S.C. § 5301(a).  We have jurisdiction under 28

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013). We affirm.

The district court properly granted summary judgment because Carlson failed to raise a genuine dispute of material fact as to whether defendants personally participated in the alleged rights deprivation. *See Jones v. Williams*, 297 F.3d 930, 934-35 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation . . . ."); *cf. Nelson v. Heiss*, 271 F.3d 891, 894-97 (9th Cir. 2001) (explaining that 38 U.S.C. § 5301(a) precludes prison officials from placing holds on an inmate's account, and that an inmate cannot assign his future Veteran's Disability Benefits to pay for goods and services that he has received).

We reject as without merit Carlson's contention that the district court did not consider his objections to the magistrate judge's findings and recommendations and the authority cited therein.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

15-15899

All pending requests are denied.

**AFFIRMED.**